**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARA BA, | No. 22-35325 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01683-MO |
| v. | |
| SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 31, 2023**

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Sara Ba sued the Department of Homeland Security (DHS) under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that DHS did

not select Ba for twenty-one job vacancies based on race, color, national origin,

and sex discrimination, and in retaliation for filing an Equal Employment

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Opportunity (EEO) complaint.[1]  Ba appeals from the district court's order granting summary judgment to DHS.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's grant of summary judgment and may affirm on any ground supported by the record.  *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023).

It is undisputed that Ba failed to exhaust his administrative remedies concerning his non-selection for one of the job vacancies because he failed to file a timely EEO administrative complaint.  Thus, we affirm the district court's grant of summary judgment on the discrimination and retaliation claims related to that vacancy.  *See Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001).

As to the remaining twenty vacancies, Ba received an interview for only one position, and was not selected for any position.  A plaintiff can establish a prima facie case of discrimination based on his non-selection for a position either by using the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802

---

[1] Ba's operative complaint, which was prepared by counsel, alleged improper non-selection as to only twenty-one positions.  DHS's motion for summary judgment argued that the entire suit should be dismissed because there were no material factual issues as to the twenty-one positions.  And Ba's opposition did not argue that he was raising claims beyond the twenty-one positions.  Thus, we decline Ba's request to expand the appeal to consider claims as to forty-nine positions.

We also reject Ba's contention that he never dismissed his claims based on religion and age discrimination, as his counsel filed a stipulated notice dismissing such claims.

(1973), or producing evidence that the employer was more likely than not motivated by a discriminatory reason. *See Opara*, 57 F.4th at 721–22. To establish a prima facie case under *McDonnell Douglas*, a plaintiff must generally show: "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000).

Ba fails to make out a prima facie case under *McDonnell Douglas*, as he offers no evidence that "similarly situated individuals outside his protected class were treated more favorably" with respect to the twenty vacancies. *Id.* Indeed, at a pretrial conference, Ba's attorney conceded that he had no evidence about any of the individuals who had been hired to fill the vacancies related to the claims set for trial. Nor does Ba point to any evidence showing that the individuals who were hired were similarly situated and outside his protected class.[2]

Ba also fails to produce evidence showing that DHS more likely than not refused to hire him for discriminatory reasons. *See Opara*, 57 F.4th at 721–22.

---

[2] Although Ba's briefs purport to identify the race, gender, and citizenship of several other DHS employees, he points to no evidence in the record regarding these employees, and does not describe the positions for which they were hired or their qualifications. Ba therefore fails to identify a dispute of material fact precluding summary judgment. *See Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (comparator employees must be "similarly situated" to the plaintiff "in all material respects" to raise a dispute of material fact).

His evidence shows only that he fell within a protected class and that he was not selected. Such evidence is insufficient to raise an inference that DHS was more likely than not motivated by a discriminatory reason.

Finally, Ba fails to establish a prima facie case for retaliation as to the twenty vacancies. "To establish a prima facie case of retaliation under Title VII, [Ba] must show 1) that he acted to protect his Title VII rights; 2) that an adverse employment action was thereafter taken against him; and 3) that a causal link existed between the two events." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004). Ba points to no evidence in the record (nor did we find any) to show a causal link between his 2010 EEO complaint and DHS's refusal to hire him throughout 2015 and 2016.

**AFFIRMED.**